FANNIE BERGER, Appellant, v. MURRAY J. BERGER, Defendant; MARTHA GOTTLIEB, Third Party, Respondent.— Order modified so as to direct that the plaintiff account for all the moneys received by her as receiver and that one-half of the surplus be paid to Martha Gottlieb. As so modified, the order is affirmed, without costs. We are of opinion that a motion should be made for the removal of the present receiver and for the appointment of a new receiver, a stranger to the action and to the parties herein. The receiver should be given authority to collect one-half the rents and be required to pay one-half the taxes and other expenses. There is no authority to appoint a receiver of the property of Marth- Gottlieb, who is not a party to the proceeding but is only a cotenant with defendant. However, if the tenant in common regards the appointment of a receiver for one-half the property as an unsatisfactory and inconvenient arrangement, she may, of course, join in an application for the appointment of one receiver of the entire property, to be appointed by the court on her consent. Kapper, Hagarty, Carswell, Scudder and Davis, JJ., concur. Settle order on notice.

ELLEN BURNS, Appellant, v. ETTINGER SECURITY CONSTRUCTION CO., INC., Respondent.— Judgment reversed upon the law and a new trial granted, costs to the appellant to abide the event. In our opinion, the plaintiff made a *prima facie* case which required the submission of the questions of fact to the jury. (See *Hannon* v. *City of New York*, 232 App. Div. 830; *Bourg* v. *General Outdoor Advertising Co.*, Id. 601; *Anderson* v. *McNulty Brothers*, 149 id. 735.) Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

FRANK P. CLAIR, Respondent, v. HENRY WREGE, Respondent, Appellant; HORACE S. GLASSER, Receiver, Appellant, Respondent.— Order modified by striking out so much thereof as surcharges the receiver's account with the items set forth and by stating his account without any items of surcharge, and as so modified unanimously affirmed, with costs to the receiver, payable by defendant Wrege. While the receiver showed poor judgment in employing plaintiff to manage and operate the boat, and his careless methods of keeping his accounts are subject to criticism, we do not find that there is any evidence of dishonesty or extravagance in his operations. In our opinion, the evidence shows that all the items of disbursement credited in his account were actually paid, were necessary, and are reasonable in amount. There was, therefore, no justification for surcharging his account. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ.

JOSEPH COLLINSON, an Infant, by LILLIAN OESCHNER, His Guardian ad Litem, Respondent, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Appellant.— Order granting motion to vacate order of preclusion modified so as to provide that the order be granted upon payment by plaintiff of ten dollars costs and disbursements on or before January 11, 1932, and as so modified affirmed, without costs; the bill of particulars to be served on or before January 11, 1932. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.